**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HERBERT HUGH HERON,

    Plaintiff,

v.                                                           Case No.   3:11-cv-422-J-34JRK

EDWIN RODRIGUEZ, et al.,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 8; Report), entered by the Honorable James R. Klindt, United States Magistrate Judge, on April 6, 2012. In the Report, Judge Klindt recommended that the Court deny Plaintiff's Amended Affidavit of Indigency (Dkt. No. 7), filed on August 26, 2011, which Judge Klindt construed as a Motion For Leave to Proceed In Forma Pauperis. He further recommended that the Court dismiss Plaintiff's claims as stated in his Amended Complaint (Dkt. No. 6). Plaintiff timely filed his memorandum titled Reckless Indifference Chronicle of Events (Dkt. No. 15; Chronicle) on June 29, 2012, which this Court construes as Plaintiff's objection to the Report.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). The district court must review legal conclusions de novo. See

Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Although Plaintiff's Chronicle may be construed as his objection to the Report, Plaintiff does not specifically object to particular factual findings. The Chronicle differs materially from the Report only on factual matters specifically alleged in the Amended Complaint. To the extent that Plaintiff attempts to change his allegations, he cannot do so. Plaintiff was already given one opportunity to amend his complaint, and he has not alleged how he would further amend the complaint to state a valid claim. Indeed, Plaintiff would be unable to cure the defects in his procedural due process claims. No version of the disputed facts would entitle Plaintiff to relief, as the State of Florida has an adequate remedy for curing deprivations of procedural due process – namely, judicial review by state circuit courts. See McKinney v. Pate, 20 F.3d 1550, 1565 (11th Cir. 1994). With respect to the just compensation claim, Plaintiff has failed to respond to the Magistrate Judge's finding that Plaintiff has not taken advantage of the available state remedies. Plaintiff's objections to the Report are therefore due to be overruled.

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule Plaintiff's objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Amended Affidavit of Indigency, which the Court construes as Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. No. 7), is **DENIED**.

2. Plaintiff's Reckless Indifference Chronicle of Events (Dkt. No. 15), which the Court construes as Plaintiff's objection to the Report and Recommendation, is **OVERRULED**.

3. The Magistrate Judge's Report and Recommendation (Dkt. No. 8) is **ADOPTED**.

4. Plaintiff's Fifth Amendment just compensation claim is **DISMISSED WITHOUT PREJUDICE** to Plaintiff exhausting available state remedies.

5. All remaining claims stated in the Amended Complaint (Dkt. No. 6) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

6. The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 31st day of August, 2012.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

i18
Copies to:
Plaintiff